# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**CR Holding Company, LLP;**
**RCGW Accounting Services LLP**
**n/k/a Campbell & Renkemeyer, LLP;**
**Renkemeyer & Campbell, LLP; and**
**Troy D. Renkemeyer,**

       **Plaintiffs,**

v.                                                                                                                      **Case No. 11-2051-JWL**

**Todd Campbell,**

       **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Troy D. Renkemeyer and defendant Todd Campbell are or have been partners in various entities (including the plaintiff entities) over the years for the purpose of providing both accounting services and legal services to clients. Plaintiffs filed this diversity action alleging conversion, breach of fiduciary duty and intentional misrepresentation arising out of defendant's alleged conversion of partnership property for his own use. This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to compel arbitration (doc. 4). As will be explained, complete diversity is lacking and the court is without subject matter jurisdiction. The court, then, grants defendant's motion to dismiss.[1]

---

[1] Defendant's motion presents a factual challenge to the court's subject matter jurisdiction in that the motion goes beyond the factual allegations of the complaint and relies on evidence in support of the motion. *See Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). In reviewing such a factual challenge under Rule 12(b)(1), the court may look beyond the allegations in the complaint and has wide

In their complaint, plaintiffs allege that diversity is complete in that plaintiff Troy D. Renkemeyer and each of the plaintiff entities are all citizens of Kansas and defendant Todd Campbell is a citizen of Missouri. In his motion to dismiss, Mr. Campbell does not dispute that Mr. Renkemeyer is a citizen of Kansas or that he is a citizen of Missouri. He contends, however, that diversity is not complete because he remains a partner of each of the plaintiff entities such that the plaintiff entities are citizens of both Kansas and Missouri, thereby destroying complete diversity. Plaintiffs, in turn, do not dispute that the citizenship of the plaintiff entities is that of each partner. *See Signature Props. Int'l Ltd. Partnership v. City of Edmond*, 310 F.3d 1258, 1260 n.1 (10th Cir. 2002). Plaintiffs, however, contend that Mr. Renkemeyer is the sole partner of each entity because Mr. Campbell has either withdrawn from the partnerships or, under the circumstances, should be deemed dissociated from the partnerships under Kansas law.

In support of his argument that he remains a partner of the plaintiff entities, defendant relies on K.S.A. § 56-1a353, a provision of the Kansas Revised Uniform Limited Partnership Act which precludes a limited partner from withdrawing from a limited partnership if the partnership agreement does not specify in writing the time or events upon the happenings of which a limited partner may withdraw. Plaintiffs dismiss this provision as inapplicable, contending that each of the plaintiff entities are limited liability partnerships controlled instead by the Kansas Uniform

---

discretion to allow documentary evidence without converting the motion into one for summary judgment. *See Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). Plaintiffs bear the burden of demonstrating that the court has subject matter jurisdiction over their claims. *See Merida Delgado v. Gonzalez*, 428 F.3d 916, 919 (10th Cir. 2005).

2

Partnership Act, K.S.A. § 56a-101 et seq. Plaintiffs, then, rely on K.S.A. § 65a-601, a provision of the Kansas Uniform Partnership Act that enumerates certain circumstances under which a partner is dissociated from a partnership.

The Kansas Revised Uniform Limited Partnership Act (KRULPA) applies to all domestic limited partnerships formed after January 1, 1984. *See Welch v. Via Christi Health Partners, Inc.*, 133 P.3d 122, 130 (Kan. 2006); K.S.A. § 56-1a603 (all domestic limited partnerships formed on or after January 1, 1984 shall be governed by the provisions of KRULPA).[2] If a specific issue relating to limited partnerships is not covered by the provisions of KRULPA, then KRULPA itself provides that the Kansas Uniform Partnership Act (KUPA) applies. *Welch,* 133 P.3d at 130; K.S.A. § 56-1a604. The first question presented by the parties' submissions, then, is whether any of the plaintiff entities is a limited partnership. For if one or more of the plaintiff entities is a limited partnership, then any analysis of defendant's motion necessarily begins with the provisions of KRULPA. As will be explained, the uncontroverted evidence demonstrates that the plaintiff identified in the case caption as "Renkemeyer & Campbell, LLP" is, in fact, a limited partnership known as Renkemeyer Campbell LP.

In the caption of the complaint, each of the plaintiff entities is identified as a limited liability partnership and, with respect to the plaintiff entity identified as Renkemeyer & Campbell, LLP, the body of the complaint expressly states in paragraph 3 that plaintiff "Renkemeyer Campbell, LLP is a Kansas limited liability partnership." In that same paragraph,

---

[2]The earliest that any of the plaintiff entities was formed is 2000.

however, that particular plaintiff is subsequently identified as "Renkemeyer Campbell LP." Subsequent references to this plaintiff in the body of the complaint (including paragraphs 8, 30 and 66) reflect that the entity is a limited partnership. Moreover, the affidavit attached to plaintiffs' complaint consistently refers to this entity as "Renkemeyer Campbell LP." Any ambiguity found in the complaint concerning whether the entity is a limited liability partnership or a limited partnership is entirely resolved by defendant's motion. For in support of his motion to dismiss, defendant avers that he was a "limited partner" in plaintiff "Renkemeyer Campbell LP" and he attaches to his affidavit the limited partnership agreement. In response to the motion, plaintiffs expressly admit those facts. It is not controverted, then, that plaintiff Renkemeyer Campbell LP is a limited partnership. In accordance with KRULPA, then, the court first looks to its provisions in analyzing defendant's motion.

As noted earlier, defendant contends that K.S.A. § 56-1a353 governs this case and precludes a finding that he has withdrawn from the partnership. That provision states, in relevant part, as follows:

> (b)(1) A limited partner may withdraw from a limited partnership at the time or upon the happening of events specified in writing in the partnership agreement and in accordance with the partnership agreement. If the agreement does not specify in writing the time or the events upon the happening of which a limited partner may withdraw, the limited partner shall have no right to withdraw.

K.S.A. § 56-1a353(b)(2). Because plaintiff Renkemeyer Campbell LP is a limited partnership and the provision clearly addresses the issue at hand–whether and when a limited partner may withdraw from a limited partnership–the provision must be applied to the facts of this case. According to defendant, the pertinent partnership agreement does not specify how a partner may

4

withdraw or otherwise describe any circumstances under which a partner may withdraw from the partnership. Plaintiffs do not contend otherwise. Pursuant to K.S.A. § 56-1a353, then, defendant's withdrawal from the partnership is simply not permitted. *See Welch*, 133 P.3d at 131 (if withdrawal is not permitted by limited partnership agreement, it is not permitted by K.S.A. § 56-1a353(b)).

Nonetheless, a finding that defendant has not withdrawn from the partnership does not fully resolve the motion because plaintiffs contend, as an alternative, that defendant has been or should be involuntarily dissociated from the partnership. Because KRULPA does not address involuntary dissociation of a limited partner, *see id.* at 131-32, the court looks to the provisions of KUPA. According to plaintiff, defendant should be deemed dissociated from the partnership under K.S.A. § 56a-601(e).[3] That provision provides for "the partner's expulsion by judicial determination" on application by the partnership because, among other things, the "partner engaged in wrongful conduct that adversely and materially affected the partnership business" or the "partner engaged in conduct relating to the partnership business which makes it not reasonably practicable to carry on the business in partnership with the partner." K.S.A. § 56a-601(e). To date, however, there has been no "judicial determination" concerning defendant's expulsion from the partnership and there is no evidence that plaintiffs have even applied for such

---

[3]In their submissions, plaintiffs contend primarily that defendant is dissociated from the partnership by application of § 56a-601(a), which states that a partner is dissociated upon "[t]he partnership's having notice of the partner's express will to withdraw as a partner or on a later date specified by the partner." This provision, however, does not govern involuntary dissociation, but voluntary withdrawal which, as noted earlier, is specifically addressed in KRULPA. This provision, then, cannot be applied in the context of this case.

5

a determination. Plaintiffs, then, have not shown that any of the subsections of K.S.A. § 56a-601 apply to this case.

In summary, because defendant is not permitted to withdraw as a limited partner of Renkemeyer Campbell LP under the agreement itself and, thus, by statute and because plaintiffs have not established that defendant was involuntarily dissociated from the partnership, defendant remains a limited partner of Renkemeyer Campbell LP. That entity, then, is a citizen of both Kansas and Missouri, thereby destroying complete diversity. Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 4) is **granted.**

**IT IS SO ORDERED.**

Dated this 9th day of June, 2011, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
